

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~~~~~~~~~~~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Mortimer Brown
Executive Secretary
Teacher Retirement System of Texas
Austin, Texas

Dear Sir:

Opinion No. 0-812
Re:  Annual membership fee Teacher
Retirement System.

We are in receipt of your letter of June 27, 1939, in which
you request the opinion of this department upon the following questions:

"1.  Does it come within the power vested in
the Board of Trustees of the Teacher Retirement
System to rule that a member of the Teacher Retire-
ment System who is maintaining membership in the System
for a particular school year, during which school
year the member is not actually employed in the pub-
lic schools of Texas, and, therefore, not contributing
to the System, must pay the $1.00 annual membership
fee?

"2.  In case the answer to question 1 is Yes,
does it fall within the power vested in the Board of
Trustees of the Teacher Retirement System to rule
that in case the $1.00 membership fee has not been
paid by a certain date (let us say by March 1, which
would be the middle of the fiscal year) that the
$1.00 shall be transferred from the member's account
in the Teacher Saving Fund to the Expense Fund for
the purpose of covering the membership fee?"

S.B. No. 47, Forty-fifth Legislature, known as the Teacher
Retirement Bill, provides in part as follows:

"Sec. 8, subsection 6:  The Expense Fund shall
be the fund from which the expenses of administration
and maintenance of the Retirement System shall be
paid.  Transfer to and payments from this Fund shall
be made as follows:

"Subsection 6 (b):  Each member shall pay with
the first payment to the Teacher Saving Fund each
year, and in addition thereto, a sum of One ($1.00)
Dollar, which amount shall be credited to the Ex-
pense Fund, said payments for the Expense Fund shall
be made to the State Board of Trustees in the same
way as payments to the Teacher Saving Fund shall be
made, as provided for in this Act."

Section 3, subsection (1) provides that all persons who are teachers on the date of the establishment of the system shall become members as of that date, unless within ninety days after September 1, 1937, they shall elect not to be covered in the membership of the system, and it is further provided in subsection (2) of Section 3, that:

"Beginning September 1, 1938, and thereafter any teacher teaching for the first time in Texas shall become a member of the Retirement System as a condition of his employment."

Subsection (3) provides:

"Should any member in any period of six (6) consecutive years after becoming a member be absent from service more than five (5) years, or should he withdraw his accumulated contributions, or should he become a beneficiary, or upon death, he shall thereupon cease to be a member."

Section 8, subsection 1(b), provides that contributions to the Teacher Saving Fund shall be made as follows:

"Each employer shall cause to be deducted from the salary of each member on each and every payroll of such employer for each and every payroll period, five percentum of his earnable compensation, provided that the sum of the deductions made for a member shall not exceed $180.00 during any one year. Deductions shall begin with the first payroll period of the school year 1937-1938. * * * *"

We think the Act as a whole clearly contemplates that a person who becomes a "member" of the system will remain a "member" until certain contingencies occur, although such teacher may not actually be engaged in teaching each year that his membership continues. Section 8, subsection 6 (b) requires that each member shall pay at the beginning of each year $1.00 to be credited to the Expense Fund and provides a convenient method for the collection of this $1.00 by deducting such amount from the teacher's first pay check. Although no specific provision is made for the collection of the payment to the Expense Fund when the teacher is not employed and the otherwise convenient method of collection is not available to the board in such a situation, nevertheless the teacher remains a member and is required to pay the designated amount for administrative pruposes.

Various funds are set up in the system such as the Teacher Savings Fund, State Accumulation Fund, Annuity Reserve Fund, Interest Fund, Permanent Retirement Fund and Expense Fund. Provision is made for the collection and transfer of payment into these various funds and from one fund to another. The responsibility for the proper operation and administration of the funds created is placed in the State Board of Trustees, subject, however, to statutory directions and limitations. Each member carries an individual account in the Teacher Savings Fund and we have been unable to find any provision which would authorize the Board of

Trustee s in their general administration of the Act to make deductions from such account to pay an obligation owed by an individual teacher to the system, nor is there any provision for transfer of any part of this fund to an expense account. It is provided in Section 9 that the moneys in the various funds created by the Act are exempt from any state or municipal tax and exempt from levy and sale, garnishment, attachment, or any other process whatsoever, and shall be unassignable except as in this Act specifically provided. The $1.00 per year contribution due by each member is in the nature of a debt or obligation owing by such member to the system for administrative purposes, and an attempt on the part of the Board to make unauthorized transfers out of the individual accounts in the Teacher Saving Fund would be in the nature of a garnishment or summary means of collecting its debt, which is not provided in the Act.

It is our opinion that a member of the Teacher Retirement System must pay the $1.00 annual membership fee to the Expense Fund each year, so long as the membership continues, although such member may not be actually employed in the public schools of Texas for a given year.

In answer to your second question, it is our opinion that the board of trustee s is not vested with power to transfer $1.00 each year from a member's account in the Teacher Saving Fund to the Expense Fund for the purpose of covering the annual membership fee.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Cecil C. Cammack
　 Cecil C. Cammack
　 Assistant

CCC-NR-wc

APPROVED JULY 17, 1939
s/ W.F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/WRK Chairman